**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

JAMES W. TRENTHEM, III, et al.                                                              PLAINTIFFS

v.                                        No. 1:09CV00017 JLH

DAVID H. ARRINGTON OIL & GAS, INC.                                                   DEFENDANT

**ORDER**

The defendant has moved to compel the plaintiffs to respond to interrogatories and requests for production of documents that seek the identification of other bank draft transactions upon which the plaintiffs will rely at trial. The plaintiffs respond by saying that the defendant has the documents at issue, that the Friday firm has a set of the documents (which the plaintiffs have reviewed), and that pretrial disclosures are limited by Fed. R. Civ. P. 26(a)(3) and the Final Scheduling Order, which makes the pretrial disclosure sheets due on October 12, 2010.

Rule 26(b)(1) provides, in pertinent part, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents . . .." The identity of the transactions upon which the plaintiffs will rely at trial is obviously relevant to the plaintiff's claim and the defendant's defense, so that information is discoverable. Paragraph 2 of the Final Scheduling Order states that exhibits not identified in response to appropriate discovery may not be used at trial except in extraordinary circumstances. Paragraph 6 of the Final Scheduling Order states that the fact that exhibits must be identified on the pretrial disclosure sheet does not relieve a party of the obligation to provide them in response to discovery. Rule 26(a)(3)(B) provides, in pertinent part, "Unless the court orders otherwise [pretrial] disclosures must be made at least 30 days before

trial." Nowhere do the rules or this Court's orders say that relevant information may be withheld because that information will be included in the pretrial disclosures. Here, the information sought is obviously relevant. Even if the defendant has the documents already, that does not mean that the plaintiffs are relieved of the obligation to disclose upon which transactions they will rely at trial.

The motion to compel is granted. Document #38. The Court orders the plaintiffs to answer the interrogatories and respond to the requests for documents requesting that they identify all transactions upon which they will rely at trial. Counsel for the parties must confer in good faith regarding when the plaintiffs can and will comply with this Order, and if they cannot agree on a deadline, they should call chambers and ask for a telephone conference on that subject. The discovery deadline will be extended up to and including the 30th day after the plaintiffs comply with this order.

IT IS SO ORDERED this 19th day of July, 2010.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE