**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION**

JAMES W. TRENTHEM, III,                                                              PLAINTIFF
NISA TRENTHEM, and
SHANE FAULKNER

v.                                          No. 1:09CV00017 JLH

DAVID H. ARRINGTON OIL & GAS, INC.                                          DEFENDANT

**OPINION AND ORDER**

James Trenthem III, Nisa Trenthem, and Shane Faulkner commenced this action against

David H. Arrington Oil & Gas, Inc. ("Arrington"), alleging breach of contract, deceptive trade

practices, and fraud.  The Court granted summary judgment in favor of Arrington holding that the

oil and gas lease in question should be read in conjunction with bank drafts that created a condition

precedent pursuant to which title to the oil and gas rights had to be approved by Arrington.  The

Court concluded that the oil and gas leases had never become effective because Arrington did not

approve title.  The plaintiffs argued at the time that the bank drafts required marketable title and that

the title was marketable, so Arrington could not disapprove title.  The Court rejected the plaintiffs'

argument, concluding that for plaintiffs to attack Arrington's decision not to approve the title the

controlling law required more than a showing that the title is marketable, *i.e.*, evidence that

Arrington acted fraudulently or in bad faith.  Because plaintiffs had provided no evidence that

Arrington acted in bad faith, summary judgment was granted.  Subsequently, the Court vacated its

order granting summary judgment because plaintiffs produced evidence that created a genuine issue

of material fact as to whether Arrington acted in bad faith.

Now that discovery has closed, Arrington has again moved for summary judgment.

Arrington argues that the evidence establishes, as a matter of law, that title to the oil and gas rights

was unmarketable because of the existence of a mortgage that encumbered title to the property and

any mineral rights thereon.  Arrington contends that as a result, its decision to not approve title was

*per se* in good faith and, therefore, summary judgment is again appropriate.  The plaintiffs argue that

whether the title was marketable is not dispositive.  According to the plaintiffs, even if the title was

unmarketable, Arrington acted in bad faith because the motive for dishonoring the draft was a change

in market conditions, not a problem with the title.  The positions of the parties have thus reversed

since the initial motion for summary judgment.  Then, the plaintiffs argued that they were entitled

to prevail because the title was marketable, and Arrington argued that whether the title was

marketable was irrelevant—the issue, according to Arrington then, was whether it exercised good

faith.  Now, Arrington argues that it is entitled to prevail because the title was not marketable,

whereas the plaintiffs argue that marketability of title is irrelevant and the issue is whether Arrington

acted in good faith.

In addition to the right to disapprove title, Arrington also contends that language in the bank

drafts creates three other conditions precedent to formation of a binding commitment that were never

satisfied.  Specifically, Arrington argues that the bank drafts expressly conditions payment (1) "[o]n

approval of lease or mineral deed described hereon," and (2) "subject alone to acceptance of payment

hereof by drawee, within said time."  Further, Arrington argues that the bank drafts foreclose liability

since they contain the sentence: (3) "In the event this draft is not paid within said time, the collecting

bank shall return the same to forwarding bank and no liability for payment or otherwise shall be

attached to any of the parties hereto."  Arrington raised these purported conditions precedent in its

original summary judgment motion but the Court did not consider them because it granted summary

judgment on the grounds that Arrington did not approve title as required by the bank drafts.

Plaintiffs argue that the language in the bank drafts creates only one condition precedent—good faith approval of title.

With one exception, the undisputed material facts are unchanged since the Court's previous rulings.  In their response to the prior summary judgment motion, plaintiffs argued that title was marketable based (1) on an affidavit from an experienced real estate and title work attorney, Larry Graddy, who had conducted a review of title; and (2) based on the fact that another gas company was negotiating an oil and gas lease with the plaintiffs.  Subsequently, at his deposition, Graddy testified that when he pronounced title to be marketable, he was not aware of the existence of a mortgage on the house.  Further, Graddy affirmed that title would not be good until the mortgage was released—at least as to the mineral interests.

Originally, there was a factual dispute as to whether the title was marketable; that factual dispute no longer exists.  As noted above, Graddy has testified after reviewing the mortgage, that the title was not marketable.  He has recanted his affidavit as having been based on inadequate information.

In Arkansas, legal title to property passes from the mortgagor to the mortgagee, the former retaining an equitable interest, conditioned on payment of the indebtedness.  *Bank of Oak Grove v. Wilmot State Bank*, 279 Ark. 107, 110, 648 S.W.2d 802, 803 (Ark. 1983).  Nevertheless, the mortgagor retains the right to lease the property, subject to the lien of the mortgage, so long as he is permitted to remain in possession.  *Deming Investment Co. v. Bank of Judsonia*, 170 Ark. 65, 68, 278 S.W. 634, 635 (Ark. 1926) ("[T]he mortgagor has the right to lease, sell, and in every respect deal with the mortgaged premises as owner so long as he is permitted to remain in possession, and so long as it is understood and held that every person taking under him takes subject to all the rights

of the mortgagee unimpaired and unaffected.").  Thus, the existence of a mortgage is not *per se* an

impediment to a lease.

There is evidence that Arrington paid drafts, thereby consummating oil and gas leases when

the property, like the property here, was mortgaged.  There is also evidence that the decision not to

honor the draft here was made for reasons other than problems with the title.  Hence, again, the

evidence creates a genuine issue of material fact.

In *Whistle v. David H. Arrington Oil & Gas Inc.*, No. 2:08CV00037 BSM, 2009 WL

1529819, *8 (E.D. Ark. June 1, 2010), the district court held that language identical to that

implicated in the instant case—"[o]n approval of lease or mineral deed described hereon, and on

approval of title to same"—did not create two conditions precedent but "only placed a condition

precedent of title approval on the formation of the contract."  Even assuming, *arguendo*, that the first

phrase does create a separate condition precedent requiring Arrington to approve the lease, there is

still a material question of fact as to whether Arrington's decision to record the oil and gas lease

satisfied this condition precedent.  *See Williams v. Harper*, 197 Ark. 1116, 1117, 126 S.W.2d 941,

942 (Ark. 1939) (holding that lessee's act of recording oil and gas lease, which was deposited in

escrow pending approval of title, "was cogent evidence of an acceptance.").  Further, if Arrington

did not approve the lease, there is a fact question regarding whether Arrington acted in bad faith in

failing to do so.  *Community Bank of North Arkansas v. Tri-State Propane*, 89 Ark. App. 272, 203

S.W.3d 124 (Ark. Ct. App. 2005) (contracts contain an implied obligation to exercise good faith and

fair dealing with respect to the occurrence of conditions precedent).

Further, "[t]he provision that the draft is 'subject alone to acceptance of payment hereof by

drawee, within said time' does not constitute a condition precedent because it simply restates the

general principle that any draft must be accepted to charge the drawee." *Whistle*, 2009 WL 1529819,

at *8 (citing *Canal Ins. Co. v. First Nat'l Bank of Ft. Smith*, 266 Ark. 1044, 1050, 596 S.W.2d 710,

713 (Ark. 1979)).

      Finally, in *Whistle*, the district court granted summary judgment in favor of the plaintiff and

held as a matter of law that a no liability clause—identical to the one implicated in the instant

case—"does not relieve defendants of liability or cause a lack of mutuality." *Whistle*, 2009 WL

1529819, at *8.  In the instant case, the Court need only conclude that there is a fact question as to

whether the no liability clause does not relieve defendants of liability.  Even if the no liability clause

creates a condition precedent to the formation of a valid lease which was not satisfied, there is still

a genuine issue of material fact regarding Arrington's possible bad faith in refusing to pay the draft

and, thereby, satisfy the condition.  *Community Bank of North Arkansas*, 89 Ark. App. at 203.

      Accordingly, Arrington's motion for summary judgment is DENIED.  Document #45.

      IT IS SO ORDERED this 13th day of October, 2010.

 

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE